KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Matthew M. Johnson, | ) | No. CV 09-555-PHX-DGC (MHB) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Todd Thomas, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Matthew M. Johnson, who is confined in the Corrections Corporation of America-Saguaro Correctional Center, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  On April 16, 2009, the Court denied the Application to Proceed with leave refile and dismissed the Complaint with leave to file an amended complaint on the court-approved form.  On May 8, 2009, Plaintiff filed a new Application to Proceed (Doc. #6) and a First Amended Complaint (Doc. #5).  The Court will dismiss the Amended Complaint with leave to amend.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's new Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $11.93.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate

JDDL-K

1  Order requiring the appropriate government agency to collect and forward the fees according

2  to the statutory formula.

3  **II.    Statutory Screening of Prisoner Complaints**

4        The Court is required to screen complaints brought by prisoners seeking relief against

5  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

7  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

8  be granted, or that seek monetary relief from a defendant who is immune from such relief.

9  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

10  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

11  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

12  (*en banc*).

13        The Court should not, however, advise the litigant how to cure the defects.  This type

14  of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.

15  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

16  whether the court was required to inform a litigant of deficiencies).  Plaintiff's Amended

17  Complaint will be dismissed for failure to state a claim, with leave to amend because the

18  Amended Complaint may possibly be saved by further amendment.

19  **III.    Complaint**

20        Plaintiff names the following Defendants in the Amended Complaint: Warden Todd

21  Thomas; Assistant Warden Ben Griego; Health Service Administrator Cristi Rodrigues; Dr.

22  Jiang Phan; Registered Nurse Brenda Grule; Director of Hawaii Department of Public Safety

23  Clayton Frank; Mainland Branch Contract Monitor for the Hawaii Department of Public

24  Safety Scott Jinbo; Supervisor of Mainland Contract Monitors, Hawaii Department of Public

25  Safety, Howard Komori; Chief Medical Director for the Hawaii Department of Public Safety

26  Kay Bauman; Hawaii Governor Linda Lingle; State of Hawaii; Hawaii Department of Public

27  Safety; Corrections Corporation of America (CCA); CCA-Saguaro Correctional Center; John

28  Does 1-10; and Jane Does 1-10.

Plaintiff raises three grounds for relief in the Amended Complaint:

(1)     Plaintiff's Eighth Amendment rights were violated when Defendant Grule administered another inmate's psychiatric medication to Plaintiff and the remaining Defendants refused to adequately respond to Plaintiff's grievances about the incident;

(2)     Plaintiff's Eighth Amendment rights were violated when Defendant Thomas retaliated against Plaintiff for complaining about the medication incident by threatening to punish Plaintiff or place him in segregation and Defendant Phan threatened to "write-up" Plaintiff for making allegations against Defendant Grule; and

(3)     Defendants implemented policies that make it difficult for Plaintiff to obtain legal materials or information about attorneys, thereby interfering with Plaintiff's access to the courts.

Plaintiff seeks declaratory relief and money damages.

## IV.   Failure to State a Claim

### A.   Medical Claims

To maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. This subjective approach focuses upon the mental attitude of the defendant. Id. at 839.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104).

1    Medical malpractice or negligence is insufficient to establish a violation. <u>Toguchi</u>,
2  391 F.3d at 1060.  Thus, mere negligence in diagnosing or treating a condition does not
3  violate the Eighth Amendment. <u>Toguchi</u>, 391 F.3d at 1057.  Also, an inadvertent failure to
4  provide adequate medical care alone does not rise to the Eighth Amendment level. <u>Jett</u>, 429
5  F.3d at 1096.

6    Plaintiff's allegations against Defendant Grule do not amount to deliberate
7  indifference.  Plaintiff claims that Defendant Grule did not take Plaintiff's I.D. badge to
8  ensure Plaintiff was receiving the correct medication and that, as a result, Plaintiff was given
9  another inmate's psychiatric medication.  Plaintiff states that on the next day another nurse
10  checked Plaintiff's I.D. badge, discovered that Plaintiff had received the wrong medication,
11  and then provided the correct medication to Plaintiff.  Plaintiff has alleged, at most, that
12  Defendant Grule was negligent in administering medication to Plaintiff.  A one-time act of
13  negligence simply does not rise to the level of a constitutional violation.

14    To the extent that Plaintiff alleges his Eighth Amendment rights were also violated
15  by Defendants' failure to take action on Plaintiff's complaints regarding Defendant Grule,
16  Plaintiff has also failed to state a claim.  Where a defendant's only involvement in the
17  allegedly unconstitutional conduct is the denial of administrative grievances, the failure to
18  intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount
19  to active unconstitutional behavior for purposes of § 1983. <u>Shehee v. Luttrell</u>, 199 F.3d 295,
20  300 (6th Cir. 1999).

21    Accordingly, Plaintiff has failed to state a claim in Count I.

22    **B.    Retaliation**

23    A viable claim of First Amendment retaliation contains five basic elements: (1) an
24  assertion that a state actor took some adverse action against an inmate (2) because of (3) that
25  prisoner's protected conduct and that such action (4) chilled the inmate's exercise of his First
26  Amendment rights (or that the inmate suffered more than minimal harm) and (5) was not
27  narrowly tailored to advance a legitimate correctional goal. <u>Rhodes v. Robinson</u>, 408 F.3d
28  559, 567-58 (9th Cir. 2005).

1   Plaintiff alleges that Defendant Thomas threatened to punish or segregate Plaintiff if
2   Plaintiff continued with his complaints against Defendant Grule.  Plaintiff also alleges that
3   Defendant Phan threatened to "write-up" Plaintiff because of Plaintiff's allegations against
4   Defendant Grule.  Plaintiff has not alleged that Defendants Thomas or Phan actually took
5   adverse action against Plaintiff, and threatened action is insufficient to state a claim for
6   retaliation.  Further, Plaintiff has failed to allege that Defendants Thomas or Phan acted
7   without a legitimate correctional goal.  Plaintiff has failed to state a claim in Count II.

8   **C.    Access to Courts**

9   The right of meaningful access to the courts prohibits state officials from actively
10  interfering with inmates' attempts to prepare or file legal documents.  Lewis v. Casey, 518
11  U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring petitions or
12  complaints to federal court and not a right to discover such claims or even to litigate them
13  effectively once filed with a court.  Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899
14  (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil
15  rights complaint of a person in state custody will reach a court for consideration.")  The right
16  "guarantees no particular methodology but rather, the conferral of a capability – the
17  capability of bringing contemplated challenges to sentences or conditions of confinement
18  before the courts."  Lewis, 518 U.S. at 356.

19  As a matter of standing, for an access to courts claim, a plaintiff must show that he
20  suffered an "actual injury" with respect to contemplated litigation; the plaintiff must
21  demonstrate that the conduct of the defendants prevented him from bringing to court a
22  nonfrivolous claim that he wished to present.  Lewis, 518 U.S. at 351-53.  An "actual injury"
23  is "actual prejudice with respect to contemplated or existing litigation, such as the inability
24  to meet a filing deadline or present a claim."  Id. at 348.

25  In Count III, Plaintiff alleges that Defendants have promulgated policies that obstruct
26  his efforts to obtain legal materials and information about attorneys.  Plaintiff has not alleged
27  that he was prevented from bringing to court a nonfrivolous claim he wished to present.
28  Accordingly, Plaintiff has failed to state an access-to-courts claim in Count III.

JDDL-K                                    - 5 -

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original complaint and amended complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint and first amended complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint or first amended complaint is waived if it is not raised in a second amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

1   relief with a notice of change of address.  Failure to comply may result in dismissal of this

2   action.

3         **C.      Copies**

4         Plaintiff must submit an additional copy of every filing for use by the Court.  See

5   LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

6   to Plaintiff.

7         **D.      Possible "Strike"**

8         Because the Amended Complaint has been dismissed for failure to state a claim, if

9   Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this

10  Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C.

11  § 1915(g).   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal

12  a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

13  prior occasions, while incarcerated or detained in any facility, brought an action or appeal

14  in a court of the United States that was dismissed on the grounds that it is frivolous,

15  malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

16  under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

17        **E.      Possible Dismissal**

18        If Plaintiff fails to timely comply with every provision of this Order, including these

19  warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

20  1260-61 (a district court may dismiss an action for failure to comply with any order of the

21  Court).

22  **IT IS ORDERED:**

23        (1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #6) is **granted**.

24        (2)     As required by the accompanying Order to the appropriate government agency,

25  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $11.93.

26        (3)     The Amended Complaint (Doc. #5) is **dismissed** for failure to state a claim.

27  Plaintiff has **30 days** from the date this Order is signed  to file a second amended complaint

28  in compliance with this Order.

1    (4)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk
2    of Court must, without further notice, enter a judgment of dismissal of this action with
3    prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

4    (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
5    rights complaint by a prisoner.

6    DATED this 4th day of June, 2009.

7
8
9    _____
10   David G. Campbell
     United States District Judge
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JDDL-K                                            - 8 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
                                     )
(Full Name of Plaintiff)  Plaintiff, )
                                     )
              vs.                    )   **CASE NO.** _____
                                     )        (To be supplied by the Clerk)
(1)_____ ,)
(Full Name of Defendant)             )
(2)_____ ,)
                                     )   **CIVIL RIGHTS COMPLAINT**
(3)_____ ,)   **BY A PRISONER**
                                     )
(4)_____ ,)   ☐ Original Complaint
              Defendant(s).          )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

**B.  DEFENDANTS**

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                 (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                 (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                 (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                 (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail          ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings ☐ Property      ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                  ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count I?            ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count II?    ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                  ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?          ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6