KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Matthew M. Johnson, | ) | No. CV 09-555-PHX-DGC (MHB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Todd Thomas, et al., | ) | |
| Defendants. | ) | |

Plaintiff Matthew M. Johnson, who is confined in the Corrections Corporation of America–Saguaro Correctional Center, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On April 16, 2009, the Court denied the Application to Proceed with leave to refile and dismissed the Complaint with leave to file an amended complaint on the court-approved form. On May 8, 2009, Plaintiff filed a new Application to Proceed (Doc. #6) and a First Amended Complaint (Doc. #5). On June 5, 2009, the Court dismissed the Amended Complaint with leave to amend. Plaintiff filed a Second Amended Complaint on July 17, 2009 (Doc. #10). The Court will dismiss the action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**II.     Second Amended Complaint**

Plaintiff names the following Defendants in the Second Amended Complaint, who are

- 2 -

employed at the Corrections Corporation of America's Saguaro Correctional Center: Warden Todd Thomas; Dr. Jiang Phan; Clinical Nurse Supervisor Candice Ludwig; Health Service Administrator Cristi Rodrigues; Registered Nurse Brenda Grule; Registered Nurse Paterson; Chief Medical Director of the Hawaii Department of Public Safety Dr. K. Bauman; Supervisor, Mainland Contract Monitors for the Hawaii Department of Public Safety Howard Komori; Mainland Branch Contract Monitor for the Hawaii Department of Public Safety Scott Jinbo; Corrections Officer Reddick; John Does 1-10; and Jane Does 1-10.

Plaintiff raises three grounds for relief in the Second Amended Complaint:

(1) Plaintiff's Eighth Amendment rights were violated when Defendant Grule administered another inmate's psychiatric medication to Plaintiff, Defendant Reddick refused to provide prompt emergency care, and the remaining Defendants refused to respond adequately to Plaintiff's grievances about the incident;

(2) Plaintiff's Eighth Amendment rights were violated when Defendant Thomas retaliated against Plaintiff for complaining about the medication incident by threatening to punish Plaintiff or place him in segregation and Defendant Phan threatened to "write-up" Plaintiff if Plaintiff refused to leave the medical unit; and

(3) Defendant Thomas violated Plaintiff's Fourteenth Amendment rights and denied Plaintiff access to the courts when he threatened to place Plaintiff in segregation if Plaintiff continued to complain about the medication incident.

Plaintiff seeks declaratory and injunctive relief and money damages.

**III.    Failure to State a Claim**

   **A.    Count I – Medical Claims**

To maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825,

837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. Id. This subjective approach focuses upon the mental attitude of the defendant. Id. at 839.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104).

Medical malpractice or negligence is insufficient to establish a violation. Toguchi, 391 F.3d at 1060. Thus, mere negligence in diagnosing or treating a condition does not violate the Eighth Amendment. Id. at 1057. Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 429 F.3d at 1096.

Plaintiff's allegations against Defendant Grule do not amount to deliberate indifference. Plaintiff claims that Defendant Grule failed to take Plaintiff's I.D. badge to ensure Plaintiff was receiving the correct medication and that, as a result, Plaintiff was given another inmate's psychiatric medication. Plaintiff has alleged, at most, that Defendant Grule was negligent in administering medication to Plaintiff. A one-time act of negligence does not rise to the level of deliberate indifference.

With respect to Defendant Reddick, Plaintiff has also alleged facts insufficient to state an Eighth Amendment deliberate indifference claim. Plaintiff alleges that, after receiving the wrong medication, he twice informed Defendant Reddick that he was feeling very sick and dizzy and needed to go to the medical unit. Defendant Reddick told Plaintiff to file a medical request. Plaintiff states that Defendant Reddick's actions "violated plaintiff[']s rights to emergency medical care." Plaintiff has failed to show that Defendant Reddick was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff has not alleged facts showing that immediate care was necessary, nor does he allege he was injured as a result of a delay in care caused by Defendant Reddick's response to Plaintiff's complaints. Plaintiff has failed to state an Eighth Amendment claim against Defendant Reddick.

To the extent that Plaintiff alleges his Eighth Amendment rights were also violated by the remaining Defendants' failure to take action on Plaintiff's complaints regarding the medication incident, Plaintiff has also failed to state a claim. Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

Plaintiff has failed to state a claim in Count I.

### B. Count II – Retaliation

In Count II, Plaintiff alleges that Defendant Thomas threatened to punish or segregate Plaintiff if Plaintiff continued to pursue his complaints against Defendant Grule. Plaintiff also alleges that Defendant Phan called Plaintiff's allegations against Defendant Grule "unfounded" and threatened to "write-up" Plaintiff if Plaintiff refused to leave the medical unit. Although Plaintiff labels Count II as an Eighth Amendment claim, the Court will construe it as a First Amendment claim for retaliation.

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) was not narrowly tailored to advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005).

Plaintiff does not allege that Defendants Thomas or Phan actually took adverse action against Plaintiff. The Court notes that Plaintiff pursued his claims against Defendant Grule by filing this lawsuit and that Plaintiff does not allege he was placed in segregation as a result. Plaintiff has failed to show the exercise of his First Amendment rights was chilled by Defendants' actions. Further, Plaintiff has failed to allege that Defendants Thomas or Phan acted without a legitimate correctional goal. Plaintiff has therefore failed to state a claim in Count II.

### C. Count III – Access to Courts

In Count III, Plaintiff alleges that Defendant Thomas's threats denied him access to the courts. The right of meaningful access to the courts prohibits state officials from actively interfering with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration."). The right "guarantees no particular methodology but rather, the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356.

To establish standing for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation. The plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a nonfrivolous claim that he wished to present. Lewis, 518 U.S. at 351-53. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Id. at 348.

Plaintiff successfully filed this action. Plaintiff does not allege that Defendant Thomas took action to prevent Plaintiff from filing his lawsuit. Plaintiff's allegations therefore fail to state a claim for denial of access to the courts.

### IV. Dismissal without Leave to Amend

Leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires

granting leave to amend. Moore, 885 F.2d at 538.  The Court has reviewed the Second Amended Complaint and finds that further amendment of Plaintiff's claims would be futile. The Court will therefore dismiss the Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) The Second Amended Complaint (Doc. #10) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 28th day of August, 2009.

_____
David G. Campbell
United States District Judge